IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION., <br> 214 Massachusetts Ave. N.E. <br> Washington, D.C. 20002 <br><br> MIKE HOWELL <br> 214 Massachusetts Ave. N.E. <br> Washington, D.C. 20002 <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF EDUCATION <br> 400 Maryland Ave. S.W. <br> Washington, D.C. 20202 <br><br> *Defendant*. | Case No. 22-cv-2877 |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant THE DEPARTMENT OF EDUCATION ("DOE") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records related to outside groups interactions with DOE on a variety of pending policy issues.

## PARTIES

2. Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan think tank with a national and international reputation whose mission is to "formulate and promote

1

public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, https://www.heritage.org/about-heritage/mission (last visited Sept. 21, 2022). Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

3. Plaintiff Mike Howell heads the Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. The requests and analysis of information is informed by Heritage's deep policy expertise.

4. Defendant DOE is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOE's principal place of business is in the District of Columbia.

## PLAINTIFF'S FOIA REQUEST

7. On July 29, 2022, Plaintiffs transmitted a FOIA request via email seeking

1. All emails to or from individuals who's email address ends in "law.harvard.edu".
2. Records regarding any "Governing for Impact" documents or memorandums.
3. Internet Search history records of visits to the Governing for Impact website, "https://governingforimpact.org/".

    4.  Records of communications, calendar entries, calendar invites, and documents mentioning the [a list of terms]

FOIA Request No. 22-03273-F, at 1 (July 29, 2022) ("Request" or "Plaintiffs' FOIA Request") (Ex. 1).  The Request provided a list of relevant individuals and DOE emails.  *Id.* at 2–4.  The Request sought records from January 20, 2021 to July 29, 2022.  *Id.* at 4.

    8.      The Request sought a fee waiver.  *Id.* at 5.

### EEOC's Failure to Adhere to Statutory Timelines

    9.      DOE responded on August 15, 2022 and granted a fee waiver.  Fee Waiver Determination, FOIA Request No. 22-03273-F, at 1 (Aug. 15, 2022) (Ex. 2).

    12.     On August 29, 2022 DOE transmitted another letter entitled "20 Day Notification."  20-Day Notification, FOIA Request No. 22-03273-F, at 1 (Aug. 29, 2022) (Ex. 3).  This letter stated in pertinent part that:

> This is the Department of Education's (the Department) initial determination letter to your request dated, July 29, 2022, seeking information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Your request was forwarded to the appropriate office(s) within the Department for any responsive documents they may have.  We aim to complete your requests as promptly as possible.  At this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available.  Should you wish to narrow the scope of your requests, this action may limit the number of potentially responsive records, and speed the necessary processing.

*Id.*

    13.     20 working days from July 29, 2022 is August 26, 2022.

### FIRST CLAIM FOR RELIEF
### Violation FOIA, 5 U.S.C. §552
### Failure to Conduct Adequate Searches for Responsive Records.

    14.     Plaintiffs re-allege paragraphs 1–13 as if fully set out herein.

    15.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration"  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

16. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

17. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

18. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

19. Defendant's failure to conduct searches for responsive records violates FOIA and DOE regulations.

20. Plaintiffs have a statutory right to the information they seek.

21. Defendant is in violation of FOIA.

22. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

23. Plaintiffs have no adequate remedy at law.

24. Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

25. Plaintiffs re-allege paragraphs 1–24 as if fully set out herein.

26. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration" Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

27. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

28. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

29. Defendant is wrongfully withholding non-exempt records requested by Plaintiffs' by failing to produce any records responsive to Plaintiffs' FOIA Request.

30. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

31. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOE regulations.

32. Plaintiffs have a statutory right to the information they seek.

33. Defendant is in violation of FOIA.

34. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

35. Plaintiffs have no adequate remedy at law.

36. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

D. Retain jurisdiction over this matter as appropriate;

E. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

F. Grant such other and further relief as this Court may deem just and proper.

Dated: September 21, 2022                    Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation

Telephone: (202) 489-2969
Email: Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*